Roberto **MARTINEZ**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18090.

United States Court of Appeals
Fifth Circuit.

June 8, 1960.

E. E. Talbot, Jr., New Orleans, La., for appellant.

Anthony Ortega, Jr., New Orleans, La., for appellee.

Before HUTCHESON, BROWN and WISDOM, Circuit Judges.

PER CURIAM.

Appellant, a Cuban crew member of the S.S. Atlantico, was convicted of knowingly bringing a quantity of marihuana into the United States in violation of 21 U.S.C.A. § 176a (1959 Supp.). Custom authorities, acting on information received from a paid informer, searched the S.S. Atlantico then docked in the Port of New Orleans and its crew and discovered the marihuana in brown manila envelopes secreted in the hull of the ship. Appellant was taken into custody (presumably because of the informer's prior report) and shortly thereafter wrote out a brief statement in Spanish stating that the marihuana was his, that he purchased it in Vera Cruz for $25 and that he intended to sell it in any port they sailed. After an initial trial declared a mistrial because the jury did not reach a verdict, appellant was tried again and this time convicted and sentenced to five years. Appellant asserts that two basic errors were committed.[1] First, the Government inform-

---

1. The specifications of errors as stated by the appellant are:

"1. The Trial Court and the Assistant United States Attorney committed prejudicial error in making inquiry of a Government witness concerning alleged prior offenses of defendant which were unproven and unrelated to the charge for which he was tried.

"2. The Trial Court erred in overruling the defense's motion for a mistrial in that the Government had not proven the

er's testimony at trial revealed a prior unrelated transaction between appellant and another which might have constituted an offense unrelated to this charge. Second, the Government failed to prove the chain of evidence showing the continuous custody of the seized marihuana.

The record amply discloses that there was no attempt to use evidence of facts impliedly constituting a prior, unrelated offense as evidence of the guilt or character of appellant. The informer, relating that his knowledge that the appellant would have narcotics came from a conversation he overheard between appellant and a man named King, merely mentioned that during the conversation the appellant handed King two small packages. The implication, appellant urges, is that the packages contained marihuana and thus evidence of a prior, unrelated offense prejudicial to the appellant in defending this case. Even if this casual mention in relating the continuous story was generally inadmissible, the District Judge's immediate instruction to the jury that it was not evidence on the charge and only an incident to the related conversation rendered the error, if any, harmless. F.R.Crim.P. 52 (a), 18 U.S.C.A.

The second objection—that the Government failed to trace custody of the marihuana from hand to hand and thus the Court should have granted the motion for acquittal—is equally without merit. There can be no question that it was fully accounted for from ship to the chemist. This chemist, as a witness, positively identified the material as marihuana. The sole ground is that there is a failure of proof that the marihuana actually produced at trial was the identical marihuana seized and examined by the chemist. Cf. Pilot Life Ins. Co. v. Wise, 5 Cir., 1932, 61 F.2d 481. From the seizure and confession otherwise ade-

quately corroborated there is ample evidence to show the commission of the crime and production of the marihuana as physical exhibit was unnecessary. Therefore, even assuming a failure to connect it up, this could not go to the sufficiency of the evidence.

Affirmed.

chain of evidence concerning the instant narcotics at the time the Government rested its case."

Appellant's argument and brief made clear that ground 2, like ground 1, is also directed to the failure to grant motion for

judgment of acquittal. "Accordingly, we argue that the Trial Court erred in not granting the defendant a verdict of acquittal on his motion made at the termination of the Government's case for its failure to prove the chain of evidence."